IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR, THE USE AND BENEFIT OF PETER A. FULLER, individually and doing business as PETER FULLER CONSTRUCTION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAMES E. ZOUCHA, an individual,<br><br>　　　　Defendant.<br>_____/ | No.  CIV.S-05-00325 DFL DAD<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

　　　　This matter is before the court on plaintiff's ex parte application for a prejudgment right to attach order, or in the alternative temporary protective order.  This proceeding was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1).  Having considered all written materials submitted in connection with plaintiff's application, the undersigned will recommend that the application for temporary protective order be granted.

/////

1

Plaintiff's application, memorandum of points and authorities and declarations on file demonstrate that (a) the claim upon which the application for attachment is based is one upon which an attachment may be issued; (b) plaintiff has established the probable validity of the claim; (c) the order is not sought for a purpose other than the recovery upon the claim; and (d) the plaintiff will suffer great or irreparable injury within the meaning of California Code of Civil Procedure Section § 485.010 if the temporary protective order is not issued.  See Cal. Code Civ. Proc. § 486.020.[1] Further, in light of the ex parte nature of plaintiff's application, and considering that one of the pieces of real property put at issue by plaintiff's application appears to be defendant's residence, the undersigned finds that the issuance of a temporary protective order in lieu of a writ of attachment is appropriate at this time.  See Cal. Code. Civ. Proc. § 486.030 (allowing for temporary protective order instead of writ of attachment where equity and justice under the circumstances so dictate); In re Wind Power Systems, Inc., 841 F.2d 288, 291 (9th Cir. 1988)("California law allows a creditor to obtain a TPO against a debtor's property after it has shown in an ex-parte proceeding the probable validity of its claim and the probability of great harm if relief is not granted.").

/////

---

[1] Under Rule 64 of the Federal Rules of Civil Procedure, writs of attachment "are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought[.]"  Fed. R. Civ. P. 64.

1        Accordingly, IT IS HEREBY RECOMMENDED that plaintiff be
2   directed to file the required undertaking[2] and that the district
3   judge assigned to this case sign the Temporary Protective Order filed
4   by plaintiff on April 8, 2005.  In the event this recommendation is
5   adopted and plaintiff continues to seek a right to attach order and
6   writ of attachment, it is further recommended that plaintiff be
7   directed to follow the noticed hearing procedure to obtain that
8   relief.  <u>See</u> Cal. Code Civ. Proc. § 486.030(b).

9         These findings and recommendations are submitted to the
10  United States District Judge assigned to the case pursuant to the
11  provisions of 28 U.S.C. § 636(b)(l).  Within ten (10) days after
12  being served with these findings and recommendations, any party may
13  file written objections with the court and serve a copy on all
14  parties.  Such a document should be captioned "Objections to Findings
15  and Recommendations."  The parties are advised that failure to file
16  objections within the specified time may waive the right to appeal
17  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
18  Cir. 1991).

19  DATED: April 21, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

22  DAD:th
    DDAD1\orders.civil\fuller.tpo.f&r

---

[2]  <u>See</u> Cal. Code Civ. Proc. § 486.020(requiring filing of undertaking before temporary protective order is issued); Alan M. Ahart, <u>California Practice Guide: Enforcing Judgments and Debts</u>, § 4:361 (2005)("A TPO may not issue until an undertaking is filed.").

3