IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF PETER A. FULLER, individually and doing business as PETER FULLER CONSTRUCTION,

    Plaintiff,

  v.

JAMES E. ZOUCHA, an individual,

    Defendant.
_____/

No. CIV.S-05-00325 DFL DAD

<u>FINDINGS AND RECOMMENDATIONS</u>

      Plaintiff, The United States of America for the Use and Benefit of Peter A. Fuller, individually and doing business as Peter Fuller Construction (hereafter "Fuller" or "plaintiff"), brings this action against James E. Zoucha (hereafter "Zoucha" or "defendant"), an individual, pursuant to the Miller Act, 40 U.S.C. §§ 3131-34,[1] for monies allegedly owed in relation to a public works job.  Fuller is a

---

[1] Formerly 40 U.S.C. §§ 270a-270e, revised and renumbered on August 21, 2002, at Pub. L. 107-217.

1

construction subcontractor that provided labor and materials on two public works construction projects that the contractor, EAI International ("EAI"), was performing for the United States Air Force.  Zoucha is an individual surety on the two payment bonds for all  labor, materials and services provided by Fuller on the projects.[2]  Plaintiff claims that defendant Zoucha's indebtedness to Fuller is in the amount of $384,227.94.  In the application presently pending before the court plaintiff Fuller seeks a prejudgement right to attach order in order to secure recovery on its claim against defendant Zoucha.

Having been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1), this matter came before the court on June 17, 2005, for hearing on plaintiff's application for a prejudgment right to attach order.  Mary E. Olden appeared on behalf of plaintiff.  James C. Keowen appeared on behalf of defendant.  After considering all written materials submitted in connection with the motion, and

---

[2]  As the Ninth Circuit Court of Appeals has explained:

> The Miller Act requires a general contractor on a federal project to post a bond to protect those who supply labor or materials for the project. The act allows a subcontractor's materials supplier to bring suit on the bond for any unpaid amounts owing for labor or materials, even if no contractual relationship exists between the general contractor and the supplier.  The purpose of the Act is to protect persons supplying materials and labor for federal projects, and it is to be construed liberally in their favor to effectuate this purpose.

Martin Steel Constructors, Inc. v. Avanti Constructors, Inc., 750 F.2d 759, 760-61 (9th Cir. 1984)(citations omitted).

2

after hearing oral argument, the undersigned will recommend that plaintiff's application be granted.

## LEGAL STANDARDS

Under Rule 64 of the Federal Rules of Civil Procedure, a federal court applies the attachment law of the state in which it sits. Fed. R. Civ. P. 64. California's "Attachment Law" therefore applies to plaintiff's application. See Cal. Code Civ. Proc. § 482.010.

Section 483.010(a) of the California Code of Civil Procedure states that an attachment may be issued on "a claim or claims for money, each of which is based on a contract, express or implied, where the total amount of the claim or claims is a fixed or readily ascertainable amount not less than five-hundred dollars ($500) exclusive of costs, interest and attorney's fees."

California Code of Civil Procedure § 484.090 provides that before an attachment order is issued, the court must find that: (1) the claim upon which the attachment is based is one upon which an attachment may be issued; (2) the applicant has established "the probable validity" of the claim upon which the attachment is based; (3) the attachment is not sought for a purpose other than the recovery on the claim upon which the request for attachment is based; and (4) the amount to be secured by the attachment is greater than zero. In order to establish "the probable validity" of the claim, the applicant must show that it is more likely than not it will obtain a judgment against the defendant on its claim. Cal. Code Civ. Proc. § 481.190.

"Attachment is a prejudgment remedy which requires a court to make a preliminary determination of the merits of a dispute. It allows a creditor who has applied for an attachment following the statutory guidelines and established a prima facie claim to have a debtor's assets seized and held until final adjudication at trial." Lorber Industries v. Turbulence, Inc., 175 Cal. App. 3d 532, 535, 221 Cal. Rptr. 233 (1985). The burden is on the moving party to establish grounds for an order of attachment. Loeb and Loeb v. Beverly Glen Music, Inc., 166 Cal. App. 3d 1110, 1116, 212 Cal. Rptr. 830 (1985). Attachment is a purely statutory remedy, which is subject to strict construction. Jordan-Lyon Productions, Ltd. v. Cineplex Odeon Corp., 29 Cal. App. 4th 1459, 1466, 35 Cal. Rptr. 2d 200 (1994).

**ANALYSIS**

Here, there is no dispute that the requirements of § 483.010(a) have been satisfied. Nor is there any dispute regarding the first, third and fourth required elements for the issuance of an attachment order under § 484.090. Rather, the sole issue presented by the instant motion is whether plaintiff has established "the probable validity" of the claim upon which the attachment is based as required by § 484.090.

The undersigned finds that Fuller has provided sufficient evidence showing that it is more likely than not it will prevail on its claim against Zoucha. Specifically, the detailed affidavits and documents filed with the court demonstrate that it is more likely than not Fuller will be able to prove the four elements necessary to

4

prevail on its Miller Act claim, i.e., that (1) the materials were supplied in prosecution of the work provided for in the contract; (2) Fuller has not been paid; (3) Fuller had a good faith belief that the materials were intended for the specified work; and (4) the jurisdictional requisites have been met.  See <u>Hawaiian Rock Prods. Corp. v. A.E. Lopez Enters., Ltd.</u>, 74 F.3d 972, 975 (9th Cir. 1996)(affirming district court's granting of summary judgment in favor of plaintiffs on Miller Act claim); <u>Martin Steel Constructors, Inc.</u>, 750 F.2d at 761 (same).

In attacking the validity of the claim upon which the attachment is based, defendant Zoucha merely asserts that plaintiff cannot prevail on its claim because not <u>all</u> of the money claimed by plaintiff is currently due and owing.  In this regard, counsel for defendant Zoucha briefly argues that of the $384,227.94 claimed by Fuller, $173,335.21 is not yet owed because either the amount, or the repair work itself, had not been approved by the United States at the time of the hearing.  Plaintiff's counsel has presented the court with much more complete documentation in support of its contention that, but for a disputed item in the amount of $13,147.00, the entire amount claimed by Fuller is, and has been, past due.  (<u>See</u> Supp. Decl. of Peter A. Fuller.)  In this regard, plaintiff has established that all worked called for on the projects has long ago been completed, that EAI has received contract payments on the projects from the government and that payment has been due and owing plaintiff since at least October of 2004.  In any event, defendant Zoucha has cited no authority for the proposition that plaintiff's entire claim

5

under the Miller Act is invalid if an amount less than the full subcontract amount remained unpaid at the time this suit was filed. Moreover, the plain language of the Miller Act undermines defendant's contention.  Specifically, the Miller Act provides that "every person that has furnished labor or material in carrying out work provided for" in a contract subject to the Act, when not paid in full for work within 90 days, "may bring a civil action on the payment bond <u>for the amount unpaid</u> at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due."  40 U.S.C. § 3133(b)(1)(emphasis added).  Thus, even if as Zoucha claims the entire amount sought by plaintiff was not yet due, the application for a prejudgement right to attach order would still be properly granted.

        Defendant Zoucha also argues that it is impermissible for plaintiff to attach any asset other than the alleged asset pledged in the bonds executed by Zoucha, which is the "Power of Attorney to write any Individual Surety up to $1,500,000.00 as Attorney in Fact for Polaris International, LTD."  (Decl. of Peter Fuller filed April 8, 2005, Exs. B & D.)  Again, Zoucha cites no authority in support of this contention.  In this regard, the court notes that defendant Zoucha signed the bonds as an individual surety and thereby assumed the obligations to the United States in the amounts of $939,722.95 and $927,248.45, respectively, and by the terms of the bonds obligated himself for payment of those sums.  (<u>See</u> <u>id</u>., Exs. B and D.)  Moreover, a power of attorney itself is no asset at all.  It is simply a written instrument granting certain authority to an agent,

6

1  often referred to as an attorney-in-fact, to act on behalf of a
2  principal.  See, e.g., Cal. Prob. Code § 4022 ("'Power of attorney'
3  means a written instrument, however denominated, that is executed by
4  a natural person having the capacity to contract and that grants
5  authority to an attorney-in-fact."); Estate of Huston, 51 Cal. App.
6  4th 1721, 1727, 60 Cal. Rptr. 2d 217, 221 (1997)("A power of attorney
7  is a written authorization to an agent to perform specified acts on
8  behalf of the principal.  The rights and liabilities created by the
9  exercise of such authority are centered in the law of agency."); see
10 also Black's Law Dictionary 1171 (6th ed. 1990)("An instrument in
11 writing whereby one person, as principal, appoints another as his
12 agent and confers authority to perform certain specified acts or
13 kinds of acts on behalf of principal.").  Accordingly, the
14 undersigned rejects Zoucha's argument that only the allegedly pledged
15 power of attorney is subject to attachment.

16          Finally, defendant Zoucha raises an issue as to whether the
17 assets to be attached are excessive to secure the debt owed.  In this
18 regard, at the hearing counsel for plaintiff Fuller withdrew the
19 application to attach various accounts, equipment, monies and other
20 assets initially identified in the moving papers.  Rather, counsel
21 for Fuller made clear that plaintiff seeks only to attach the San
22 Diego County real property identified in its application, i.e., those
23 parcels located at 131 Monroe Street, Oceanside, California and 535
24 S. Highway 101, Solana Beach, California.  There is no evidence
25 before the court showing that the equity in those assets exceeds the
26 alleged liability of Zoucha to Fuller in the amount of $384,227.94.

7

Further, as noted at the hearing on the application, attachment of those pieces of real property will not interfere with defendant Zoucha's occupancy or quiet enjoyment of that property.  Therefore, the undersigned finds that the attachment of the real property located in San Diego County is not excessive.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's application for a prejudgment right to attach order be granted; and

2.  The district judge assigned to this action sign the amended proposed right to attach order and order for issuance of writ of attachment to be submitted by plaintiff within ten (10) days.[3]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within five (5) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to
/////

---

[3] Because plaintiff now seeks an order of prejudgment attachment with respect only to defendant Zoucha's real property, plaintiff is directed to submit an amended proposed order.

8

1  appeal the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d
2  1153 (9th Cir. 1991).
3  DATED: October 12, 2005.

                                              DALE A. DRCZD
                                              UNITED STATES MAGISTRATE JUDGE

DAD:th
DDAD1\orders.civil\fuller.writ.f&r