AT-120

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| M. David Ruff (SBN 222090); Mary E. Olden (SBN 109373)<br>McDonough Holland & Allen PC, Attorneys at Law<br>555 Capitol Mall, 9th Floor<br>Sacramento, CA 95814<br>TELEPHONE NO.: 916.444.3900   FAX NO.: 916.442.2780<br>ATTORNEY FOR (Name): U.S. ex rel. Peter A. Fuller dba Pete Fuller Construction | |

NAME OF COURT: UNITED STATES DISTRICT COURT
STREET ADDRESS: 501 "I" Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME: EASTERN DISTRICT OF CALIFORNIA (Sacramento Division)

PLAINTIFF: U.S. ex rel. PETER A. FULLER

DEFENDANT: JAMES E. ZOUCHA

| [AMENDED PROPOSED]<br>☒ RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING<br>☐ ORDER FOR ISSUANCE OF ADDITIONAL WRIT OF ATTACHMENT AFTER HEARING | CASE NUMBER:<br>2:05-CV-00325-DFL-DAD |
|---|---|

1. a. The application of plaintiff (name): U.S. ex rel. PETER A. FULLER, individually and doing business as PETE FULLER CONSTRUCTION
   for ☒ a right to attach order and order for issuance of writ of attachment
       ☐ an order for issuance of additional writ of attachment
   against the property of defendant (name): James E. Zoucha
   came on for hearing as follows:
   (1) Judge (name): Hon. Dale A. Drozd
   (2) Hearing date: June 17, 2005   Time: 10:00 a.m. ☒   Dept.: 27 ☐   Div.: ☐   Rm.:
   b. The following persons were present at the hearing:
   (1)☐ Plaintiff (name):                     (3)☒ Plaintiff's attorney (name): Mary E. Olden
   (2)☐ Defendant (name):                     (4)☒ Defendant's attorney (name): James C. Keowen

**FINDINGS**

2. THE COURT FINDS
   a. Defendant (specify name): James E. Zoucha   is a ☒ natural person ☐ partnership
      ☐ unincorporated association ☐ corporation ☐ other (specify):
   b. The claim upon which the application is based is one upon which an attachment may be issued.
   c. Plaintiff has established the probable validity of the claim upon which the attachment is based.
   d. The attachment is not sought for a purpose other than the recovery on the claim upon which the attachment is based.
   e. The amount to be secured by the attachment is greater than zero.
   f. ☒ Defendant failed to prove that all the property described in plaintiff's application is exempt from attachment.
   g. ☒ The following property of defendant, described in plaintiff's application
      (1)☐ is exempt from attachment (specify):
      (2)☒ is not exempt from attachment (specify):
           See Attachment 2g
   h. ☐ The following property, not described in plaintiff's application, claimed by defendant to be exempt
      (1)☐ is exempt from attachment (specify):
      (2)☐ is not exempt from attachment (specify):
   i. ☒ An undertaking in the amount of: $ 10,000.00   is required before a writ shall issue, and plaintiff
         ☒ has ☐ has not filed an undertaking in that amount.
   j. A Right to Attach Order was issued on (date): October 12, 2005                              pursuant to
      ☒ Code of Civil Procedure section 484.090 (on hearing) ☐ Code of Civil Procedure section 485.220 (ex parte)
   k. ☐ Other (specify):

(Continued on reverse)

Form Approved for Optional Use
Judicial Council of California
AT-120 [Rev. January 1, 2000]
**RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER
FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**
Code of Civil Procedure
§§ 482.030, 484.090

867470v1 29619/0005                                                                 2001 © American LegalNet, Inc.

| SHORT TITLE: U.S. ex rel. Peter A. Fuller v. James E. Zoucha | CASE NUMBER: 2:05-CV-00325-DFL-DAD |
|---|---|

## ORDER

3. THE COURT ORDERS
   a. Plaintiff has a right to attach property of defendant *(name):* James E. Zoucha
      in the amount of: $ 400,000.00
   b. ☐ The property described in items 2g(1) and 2h(1) of the findings is exempt and shall not be attached.
   c. The clerk shall issue   ☒ a writ of attachment   ☐ an additional writ of attachment   in the amount stated in item 3a
      ☒ forthwith   ☐ upon the filing of an undertaking in the amount of: $
         (1)☐ for any property of a defendant who is **not** a natural person for which a method of levy is provided.
         (2)☒ for the property of a defendant who is a natural person that is subject to attachment under Code of
               Civil Procedure section 487.010, described as follows *(specify):*
   1) All real property including that real property located at 131 Monroe Street, Oceanside, CA 92057; and 535 So.
      Highway 101, Solana Beach, California, as more fully described on attachment 2g hereto.

         (3)☐ for the property covered by a bulk sales notice with respect to a bulk transfer by defendant or the proceeds of
               sale of such property, described as follows *(specify):*

         (4)☐ for plaintiff's pro rata share of proceeds from an escrow in which defendant's liquor license is sold. The
               license number is *(specify):*

   d. ☒ Defendant shall transfer to the levying officer possession of
      (1)☒ any documentary evidence in defendant's possession of title to any property described in item 3c;
      (2)☐ any documentary evidence in defendant's possession of debt owed to defendant described in item 3c;
      (3)☐ the following property in defendant's possession *(specify):*

---

**NOTICE TO DEFENDANT: FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO ARREST AND PUNISHMENT FOR CONTEMPT OF COURT.**

---

   e. ☐ Other *(specify):*

   f. Total number of boxes checked in item 3:  3

David F. Levi
(TYPE OR PRINT NAME)

▶ /s/ David F. Levi
(SIGNATURE OF JUDGE OR COMMISSIONER)

AT-120 [Rev. January 1, 2000]   **RIGHT TO ATTACH ORDER AFTER HEARING AND ORDER**   Page two
867470v1 29619/0005   **FOR ISSUANCE OF WRIT OF ATTACHMENT (Attachment)**   2001 © American LegalNet, Inc.

MC-025

| SHORT TITLE: U.S. ex rel. Peter A. Fuller v. James E. Zoucha | CASE NUMBER: 2:05-CV-00325-DFL-DAD |
|---|---|

**ATTACHMENT** (Number): **2g**     Page 1 of 1

1. All that real property situate in the City of Oceanside, County of San Diego, described as 131 Monroe Street, Oceanside, California 92057, and more particularly described as follows:

   Lot 4 of MISSION VALLEY ESTATES UNIT NO. 8, in the City of Oceanside, County of San Diego, State of California, according to the Map thereof No. 7602, filed in the Office of the County Recorder of said San Diego County, April 16, 1973.

2. An Undivided One-Twenty Four Hundred Ninety-Ninth (1/2499) Interest in All that real property situate in the City of Solana Beach, County of San Diego, described as 535 So. Highway 101, Solana Beach, California, and more particularly described as follows:

   An undivided one-twenty four hundred ninety-ninth (1/2499) interest in and to the following described real property:

   Parcel 1: That certain real property situated in the State of California, County of San Diego, described as follows:

   All that portion of SUNSET PLAZA, in the County of San Diego, State of California, according to Map thereof No. 5575, filed in the Office of the County Recorder of said County, together with that portion of the North Half of the Southwest Quarter of Section 2, Township 14 South, Range 4 West, San Bernardino Base and Meridian, In the County of San Diego, State of California, according to official plat thereof, lying North of a line that is parallel with and distant 856.9 feet at right angles Northerly from the South line of said North Half of the Southwest quarter and West of the Westerly line of State of California, recorded in Book 357, Page 499 of Official Records of said County and South of a line that is parallel with and distant 153.33 feet at right angles Southerly from the North line of said North Half of the Southwest Quarter and lying Easterly of the center line of that certain 60.00 foot strip described in Easement Deed to the County of San Diego, recorded April 11, 1963 as Document No. 62239 of Official Records and known as Sierra Avenue.

   Excepting therefrom the West 100 feet of the North 181 feet of said property.

   EXCEPTING FROM SAID PARCEL 1 the exclusive right to use and occupy all of the units within the "unit Types" as defined in the "Declaration of Beach Plan Solana Beach" hereinafter referred to.

   PARCEL 2: THE EXCLUSIVE RIGHT TO USE AND OCCUPY A "Seabreeze [2bd-Twnhsc] Unit Type", together with a right to use said unit for a period of seven days during the season in which this interest was purchased, as defined in the Declaration of Beach Plan Solana Beach recorded on November 24, 1982 as Instrument No. 82-364199 of Official Records of the County of San Diego during a "Use Period" within a "Use Year" (as the quoted terms are defined in the Declaration) together with a non-exclusive right to use the "Common Areas" as defined in the Declaration.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [New July 1, 2002]

**ATTACHMENT
to Judicial Council Form**

Cal. Rules of Court, rule 982

American LegalNet, Inc.
www.USCourtForms.com

827629v2 29619/0005