```
WILLIAM A. LICHTIG (107480)
M. DAVID RUFF (222090)
ERIN K. McDONOUGH (241664)
McDONOUGH HOLLAND & ALLEN PC
Attorneys at Law
555 Capitol Mall, 9th Floor
Sacramento, CA  95814
Phone: 916.444.3900
Fax:    916.444.0707

Attorneys for Use-Plaintiff
PETER A. FULLER, INDIVIDUALLY
AND DOING BUSINESS AS
PETE FULLER CONSTRUCTION
```

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF PETER A. FULLER, individually and doing business as PETE FULLER CONSTRUCTION,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>JAMES E. ZOUCHA, an individual,<br><br>　　　　　Defendant. | No. 2:05-CV-00325-DFL-DAD<br><br>**STIPULATION AND ORDER FOR SETTLEMENT AND TO STAY ACTION** |

Plaintiff Peter A. Fuller, individually and doing business as Pete Fuller Construction ("Fuller") and defendant James E. Zoucha ("Zoucha") (collectively, the "Parties"), by and through their respective counsel, stipulate as follows:

### **RECITALS**

1. Whereas a dispute has arisen between the Parties concerning the public works of improvement known as "Replace Well 2014 at Cypress Lakes Golf Course XDAT 02-7506," and "Replace Well 2006 at Cypress Lakes Golf Course XDAT 03-1063," located at Fairfield, California (collectively, the "Projects"), which are the subject of *THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF PETER A. FULLER, individually and doing business as PETE*



1
**STIPULATION AND [PROPOSED] ORDER FOR SETTLEMENT AND TO STAY ACTION**                    917406v1 29619/0005

*FULLER CONSTRUCTION v. JAMES E. ZOUCHA*, United States District Court, Eastern District of California, Case No. 2:05-CV-00325-DFL DAD (the "Action").

2. Whereas the Parties wish to settle all claims asserted or which could have been asserted in the Action, they enter into this Agreement.

### STIPULATION FOR SETTLEMENT AND MUTUAL RELEASE

**A.  Payment of the Settlement Amount**

1. FOR AND IN CONSIDERATION of the total settlement of the Action, Zoucha shall pay to Fuller an amount not to exceed Four Hundred Forty-Six Thousand Two Hundred Twenty-Seven Dollars and Ninety-Four Cents ($446,227.94), but no less than Three Hundred Eighty-Four Thousand Two Hundred Twenty-Seven Dollars and Ninety-Four Cents ($384,227.94) to be determined and paid as follows:

**a)  Two Hundred Sixty Thousand Nine Hundred Forty-Six Dollars and Fifty-Two Cents ($260,946.52)** to be paid within thirty (30) days of execution of this Stipulation (the "First Settlement Payment"); and

**b)  One Hundred Twenty-Three Thousand Two Hundred Eighty-One Dollars and Forty-Two Cents ($123,281.42)** to be paid within sixty (60) days of execution of this Stipulation (the "Second Settlement Payment").

**c)** Following receipt of the Second Settlement Payment and confirmation that the First Settlement Payment and Second Settlement Payment have been paid by the banks upon which they were drawn, Fuller shall assign its claim in the bankruptcy proceeding of EAI International, referred to as *In RE EAI INTERNATIONAL, INC.*, United States Bankruptcy Court for the Northern District of California Case No. 04-45829LT11 (the "EAI Bankruptcy Proceeding"), to Zoucha.

**d)** In addition to the First and Second Settlement Payments, Zoucha shall assign and pay to Fuller **Sixty-Two Thousand Dollars ($62,000.00)** to be paid from the first dollars recovered by Zoucha from the EAI Bankruptcy Proceeding (the "Third Settlement Payment"). Zoucha shall use all best efforts to effect this recovery and payment to Fuller.

2. The term "execution" as provided in this Agreement shall mean the date on which the Agreement was signed by either Fuller or Zoucha, whichever is later.

3. All settlement checks in the amounts set forth above shall be made payable to Pete Fuller dba Pete Fuller Construction and the law firm representing him, McDonough Holland & Allen PC, and delivered to Fuller's counsel;

4. After 91 days following the latter of (1) payment of the Second Settlement Payment by the bank upon which it was drawn; (2) payment of the Third Settlement Payment by the bank upon which it was drawn; or (3) the conclusion of the EAI Bankruptcy Proceeding if Zoucha fails to recover from that proceeding, Fuller will cause a dismissal with prejudice to be filed in the Action.

5. The Action, including the deadlines for discovery and all dispositive motions, including, but not limited to the deadline for motions for summary judgment, shall be stayed from the date of the full execution of this Stipulation until the latter of dismissal of the Action as provided above, or Fuller's notice to the Court, served on Zoucha, that Zoucha has failed to perform the terms of this Stipulation and that the Action may proceed.

6. The United States District Court for the Eastern District of California shall retain jurisdiction to enforce the terms of this Stipulation.

**B.     GENERAL MUTUAL RELEASE**

1. Excepting only the obligations of the Stipulation, and the limitations stated in subsection 3 below, Fuller, and each of its officers, directors, shareholders, partners, employees, representatives, successors, affiliated companies, subsidiaries, and assignees hereby release, discharge, and covenant not to sue Zoucha, and each of his agents, employees, heirs, executors, administrators, successors-in-interest, officers, directors, shareholders, attorneys, insurers, owners, representatives, and assigns from any and all claims, demands, actions, liabilities, damages, and causes of action, including costs and attorney fees, in regard to or in any way arising from or relating to the Projects and the Action. Fuller understands that, with the exception of the obligations of the Stipulation and the limitations stated in subsection 3, below, this release extends to any and all

claims, demands, actions and causes of action of any and every kind or nature whatsoever, contractual, tortious, or otherwise, present or future, known or unknown, contemplated or uncontemplated, in connection with or in any way arising from or relating to the Projects or the Action.

    2. Excepting only the obligations of the Stipulation and the limitations stated in subsection 3 below, Zoucha and each of his agents, employees, heirs, executors, administrators, successors-in-interest, officers, directors, shareholders, attorneys, insurers, owners, representatives, and assigns hereby release, discharge, and covenant not to sue Fuller and each of its officers, directors, shareholders, partners, employees, representatives, successors, affiliated companies, subsidiaries, agents, attorneys, and sureties, from any and all claims, demands, actions, liabilities, damages, and causes of action, including costs and attorney fees, in regard to or in any way arising from or relating to the Projects and the Action. Zoucha understands that, with the exception of the obligations of the Stipulation and the limitations stated in subsection 3, below, this release extends to any and all claims, demands, actions and causes of action of any and every kind or nature whatsoever, contractual, tortious, or otherwise, present or future, known or unknown, contemplated or uncontemplated, in connection with or in any way arising from or relating to the Projects or the Action.

    3. The releases stated herein shall not apply to claims arising out of (1) latent deficiencies, as defined by Code of Civil Procedure section 337.15; (2) bodily injury or death suffered by any person; or (3) unexpired warranties on the Projects.

  **C.** **COMPROMISE OF A DISPUTED CLAIM**

It is understood and agreed that this settlement involves a compromise of a disputed claim, liability for which is expressly denied by defendants. Neither this settlement, this Stipulation nor any payment of a sum of money due hereunder shall constitute or be deemed or construed as an admission of liability on the part of any releasee.

### D.     WAIVER UNDER CIVIL CODE SECTION 1542

With the exception of the obligations of the Stipulation and the limitations stated in section B(3), above, it is expressly agreed that the undersigned understand and agree that this full and final release covers and includes all claims of every kind and nature, past, present, or future, known or unknown, suspected or unsuspected, and that all claims under Section 1542 of the Civil Code of the State of California are hereby expressly waived.  The undersigned understands that said Section 1542 provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Each of the Parties understands and acknowledges the significance and consequence of this specific waiver of Civil Code Section 1542.

### E.     ENTIRE AGREEMENT

This Stipulation contains the entire agreement of the Parties and supersedes any prior written or oral agreements between them concerning the subject matters contained herein.  No supplement, modification or amendment to this Stipulation shall be binding unless executed in writing.

### F.     NO REPRESENTATIONS

In making this Stipulation, it is understood and agreed that the Parties rely wholly on their own judgment, belief and knowledge of the nature, extent and duration of the alleged damages and injuries, and that the Parties have not been influenced to any extent in making this Stipulation by any representations or statements regarding alleged damages or regarding any other matter made by the releasees or by any person or persons representing them or any of them.  The Parties to this Stipulation hereby declare and represent that they are effecting and executing this Stipulation after having had the opportunity to receive legal advice as to their rights and the significance of this Stipulation from legal counsel of their own choosing.

### G.     GOOD FAITH SETTLEMENT

In entering into this Stipulation, it is understood and agreed that the Parties, on behalf of their heirs, executors, administrators, agents, officers, directors, shareholders, successors in interest, attorneys, and assigns, acknowledge and agree that the releasees have at all times pertinent hereto

negotiated, bargained, and settled this matter in good faith.  It is agreed that this settlement shall constitute a "good faith settlement" in accordance with *American Motorcycle Ass'n. v. Sup. Ct.* and its progeny.

**H.   WARRANTIES**

The Parties to this Stipulation hereby represent and warrant that they have not heretofore assigned or transferred, or purported to assign or transfer any claim, demand, action, cause of action, or right herein released or discharged, and as to any such claim or purported claim of assignment which may hereafter arise by any person, firm, corporation, or entity, the Parties will hold one another harmless and agree to defend, indemnify, save and hold the releasee free and harmless.

The Parties represent and warrant that they will do all acts and execute and deliver all documents necessary, convenient or desirable to effect all provisions of this Stipulation.

**I.   GOVERNING LAW**

The validity, interpretation and enforcement of this Stipulation shall be governed by the laws of the State of California.  The Stipulation shall be enforceable by motion pursuant to California Code of Civil Procedure section 664.6, or by such other procedural mechanisms as may apply.

**J.   RELEASE BINDING ON HEIRS AND OTHER SUCCESSORS IN INTEREST**

This release shall bind and be binding upon the heirs, executors, administrators, subsidiaries, and assigns of the undersigned.

**K.   EACH PARTY TO BEAR THEIR OWN ATTORNEY'S FEES AND COSTS**

The Parties agree, except as contained in the settlement provisions described in section I, that each shall bear her or his or its attorney's fees and costs incurred with respect to the prosecution or defense of this action, including those incurred with respect to the settlement, preparation and execution of this Stipulation and any related documents.

In any action or proceeding between or among the Parties to this Stipulation at law or in equity to enforce or otherwise interpret this Stipulation, or for damages by reason of any alleged breach, or for a declaration of rights or obligations, or otherwise related to this Stipulation, the unsuccessful party to that proceeding or action shall pay to the prevailing party, in addition to any

other relief that may be granted, all costs and expenses and attorney fees actually and reasonably incurred by the prevailing party relative to that action or proceeding.

**L.     PROVISIONS SEVERABLE**

If any provision of this Stipulation is determined to be invalid or unenforceable, the remainder shall be construed as valid and enforced so as to effectuate the intention of the Parties at the time the settlement was entered into.

IT IS SO STIPULATED:

Dated: _____          PETER A. FULLER, individually
                                  and doing business as Pete Fuller Construction


                                  By:   /s/ *Pete A. Fuller*
                                        PETER A. FULLER


Dated: _____          JAMES E. ZOUCHA


                                  By:   /s/ *James E. Zoucha*
                                        JAMES E. ZOUCHA


Dated: _____          McDONOUGH HOLLAND & ALLEN PC
                                  Attorneys at Law


                                  By:   /s/ *Erin K. McDonough*

                                        ERIN K. McDONOUGH
                                        Attorneys for Plaintiff
                                        Peter A. Fuller, individually and doing business as
                                        Pete Fuller Construction


Dated: _____          NAGELEY, MEREDITH & MILLER, INC.


                                  By:   /s/ *James C. Keowen*
                                        JAMES C. KEOWEN
                                        Attorneys for Defendant James E. Zoucha

7



1
2
**ORDER**

3    Good cause appearing, IT IS HEREBY ORDERED that the Parties' stipulation is approved,
4 that the Parties shall comply with its terms, that the court shall retain jurisdiction over this matter to
5 fully enforce the terms of this Stipulation and Order, and that the Action, including the deadlines for
6 discovery and all dispositive motions, including, but not limited to the deadline for motions for
7 summary judgment, shall be stayed pending further order of the court or dismissal of the Action.

8
9 Dated: 5/18/2006

10
11 _____
DAVID F. LEVI
United States District Judge

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**STIPULATION AND [PROPOSED] ORDER FOR SETTLEMENT AND TO STAY ACTION**           917406v1 29619/0005